1 | *Plaintiffs' counsel listed after the caption*

2

3 | IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

4

| | |
|---|---|
| EARL THOMAS, | CASE NO.<br>Civil Rights |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES:** |
| SACRAMENTO COUNTY; SCOTT R. JONES, SHERIFF OF SACRAMENTO COUNTY; SACRAMENTO COUNTY SHERIFF'S DEPUTIES S. DANIELS, FIDLER AND CPL. McKERSEY; SERG KEREZ;  ARES MANAGEMENT, LLC; 99 CENTS ONLY STORES, LLC; and DOES 1-20, INCLUSIVE, | |
| Defendants. | |

**(1)** Violations of Americans with Disabilities Act of 1990 42 U.S.C. § 121132 (Title II)
**(2)** Violations of the Rehab Act of 1973 29 U.S.C. § 794 *et seq.* (Title II)
**(3)** Violations of Americans with Disabilities Act of 1990 42 U.S.C. § 12203 (Title V)
**(4)** Violations of Americans with Disabilities Act of 1990 42 U.S.C. § 12181 *et seq.* (Title III)
**(5)** Violation of the 14th Amendment to the United States Constitution, 42 U.S.C. §1983  (Unlawful Arrest, Excessive Force and Municipal Liability)
**(6)** Violation of the 14th Amendment to the United States Constitution, 42 U.S.C. §1983 (Supervisory Liability)
**(7)** Violation of the 14th Amendment to the United States Constitution, 42 U.S.C. §1983 (Municipal-Public Entity Liability)
**(8)** Violation of Civil Rights Against Defendants Fidler, S. Daniels, McKersey, and Does 1-10 (Civil Code sections §§ 52.1)
**(9)** Violation of Civil Rights Against Defendants Serg Kerez and The 99 Cents Only Stores, LLC (Civil Code sections §§ 52.1)
**(10)** Intentional Infliction of Emotional Distress
**(11)** Violation of the California Disabled Persons Act (Civil Code § 54 *et seq;* California Health & Safety Code §§ 19955 *et seq.*)
**(12)** Violation of the Unruh Civil Rights Act by Defendants Serg Kerez, The 99 Cents Only Stores, LLC, and Does 11-20 (Civil Code § 51 *et seq.)*
**(13)** Violation of Government Code § 11135 against the County of Sacramento

**DEMAND FOR JURY TRIAL**

PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:     510/832-5001
Facsimile:     510/832-4787
reinlawoffice@aol.com

ANTHONY E. GOLDSMITH, Esq. (SBN 125621)
LAW OFFICES OF ANTHONY E. GOLDSMITH
1841 Arteique Rd
Topanga, CA  90290
Telephone:     (818) 343-1370
Facsimile:     (310) 455-2968
info@goldsmithlawoffices.com

Attorneys for Plaintiff
EARL THOMAS

## NATURE OF ACTION

1.      Defendants SACRAMENTO COUNTY; SCOTT R. JONES, SHERIFF OF SACRAMENTO COUNTY; SACRAMENTO COUNTY SHERIFF'S DEPUTIES S. DANIELS, FIDLER AND CPL. McKERSEY; SERG KEREZ; ARES MANAGEMENT, LLC; and 99 CENTS ONLY STORES, LLC, knowingly and intentionally discriminated against Plaintiff, a person known to them to have a physical disability that limits his mobility. Defendants SERG KEREZ and 99 CENTS ONLY STORES, LLC, retaliated against Plaintiff by seeking his ejection from the store and his arrest because he raised concerns that the store was not accessible for disabled customers; the law enforcement Defendants unlawfully and unconstitutionally participated in the retaliation, arresting and handcuffing an octogenarian with mobility problems.  Despite his protests that he could not easily walk with his hands tied behind his back, the sheriff's deputies deprived him of any assistive device and awkwardly perp-walked him out of the store, causing him physical pain and humiliation.  The actions of all parties were intentional discriminatory and at the very least constituted deliberate indifference of Plaintiff's civil rights.

2.      As a remedy for the statutory and constitutional violations described herein, Plaintiff seeks an injunction compelling all Defendants to cease discriminating against people

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   with disabilities, and as to the government Defendants, to modify their investigation, detention

2   and arrest policies to accommodate citizens with disabilities, as well as damages for Plaintiff's

3   injuries.

**JURISDICTION**

4

5       3.      This Court has jurisdiction over the claims brought under federal law pursuant to

6   28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over the claims brought under

7   California law pursuant to 28 U.S.C. § 1367.  Plaintiff seeks declaratory and injunctive relief

8   under 28 U.S.C. §§ 1343, 2201, and 2202, 29 U.S.C. § 794a, 42 U.S.C. §§ 1983 and 12117(a),

9   California Government Code § 11135, Civil Code sections 52 and 52.1, and Article I, Sections 7

10  and 17 of the California Constitution as well as damages as pled herein below.

**VENUE**

11

12      4.      Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the

13  facts that the real property which is the subject of this action is located in this district and that

14  Plaintiff's causes of action arose in this district.

**PARTIES**

15

16      5.      Plaintiff Earl Thomas is a person with a disability as defined in 42 U.S.C. §

17  12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(l).  He is 87 years old

18  and has lived with Post-Polio Syndrome since 1959.  The Syndrome has degraded his motor

19  neurons, impeding his ability to ambulate.  As a result he uses a cane or a walker to ambulate.

20  He is very cautious of walking without an assistive device because his balance is precarious and

21  a fall could easily cause him serious injury.

22      6.      DEFENDANT SACRAMENTO COUNTY ("COUNTY") is a public entity,

23  organized and existing under the laws of the State of California.  Under that authority, Defendant

24  COUNTY is responsible for the operation of its Sheriff's Department which is an agency or

25  department of COUNTY and was at all relevant times mentioned herein, responsible for the

26  actions and/or inactions and the policies, procedures, practices, and customs of the Sacramento

27  County Sheriff's Department and its respective employees and/or agents; including sworn law

28  enforcement officers.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7.      DEFENDANT SHERIFF SCOTT R. JONES is the elected Sheriff of Sacramento County.  He sets all policy and acts in a supervisory capacity with respect to other Defendants who are employees or agents of the COUNTY.

8.      DEFENDANT S. DANIELS is a Sheriff's Deputy for Sacramento County.  Her first name is unknown to Plaintiff at this time.  She participated in the unlawful detention and arrest of Plaintiff.

9.      DEFENDANT FIDLER is a Sheriff's Deputy for Sacramento County.  Her first name is unknown to Plaintiff at this time.  She participated in the unlawful detention and arrest of Plaintiff.

10.     DEFENDANT McKERSEY is a Corporal in the Sheriff's Department for Sacramento County.  Her first name is unknown to Plaintiff at this time.  She participated in the unlawful detention and arrest of Plaintiff.

11.     DEFENDANTS SHERIFF SCOTT R. JONES, Deputies S. DANIELS and FIDLER and Corporal McKERSEY are and were at all relevant times employees and agents of the COUNTY OF SACRAMENTO and the Sacramento County Sheriff's Department acting within the course and scope of their employment and under color of law.  These Defendants implement the COUNTY's programs, services and activities related to criminal and civil law enforcement including but not limited to responding to trespassing calls and effectuating detentions and arrests.  They are responsible for setting and implementing policies about detention and arrest, and responding to citizen disputes, including responsibility for modifying those policies to accommodate the needs of people with mobility disabilities.

12.     DEFENDANT THE 99 CENTS ONLY STORES, LLC, is a limited liability corporation that operates a retail store open to the public selling low-cost household items.  It is and was the owner, operator, lessor and/or lessee of the subject property, programs, services and activities at all times relevant to this Complaint.  It is therefore a public accommodation pursuant to the ADA and Disabled Persons Act (DPA) and a business establishment pursuant to Unruh. 42 U.S.C. §12181(7)(F); Civ.C. § 51(f); and Cal. Civ. C. § 51(b).

13.     DEFENDANT SERG KEREZ on information and belief was a managerial level

employee at the 99 Cents Only Store located at 2224 El Camino Avenue, Sacramento, California ("the Store") at all relevant times herein.  He was/is an operator of the Store.  On information and belief he sets policy for the Store.  He called the police, asked them to arrest Mr. Thomas, and signed a trespassing complaint against him.

14.     Defendants  COUNTY; SCOTT R. JONES, SHERIFF OF SACRAMENTO COUNTY,  SACRAMENTO COUNTY SHERIFF'S DEPUTIES S. DANIELS,  FIDLER and CORPORAL McKERSEY, will sometimes be referred to collectively as "the Government Defendants."

15.     The true names and capacities of Defendants DOES 1-20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.  On information and belief, DOES 1-5 are sworn law enforcement officers or unsworn employees and/or agents of Defendant COUNTY and DOES 6-10 are employees or agents of Defendant COUNTY and are supervisors of the aforementioned named Defendant employees of Defendant COUNTY or DOES 1-5.  DOES 11-20 are owners and/or operators of the Store or the real property upon which the Store is located.  Plaintiff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when they have been ascertained.

16.     Plaintiff is informed and believes that each of the Defendants COUNTY, SCOTT R. JONES, SHERIFF OF SACRAMENTO COUNTY, SACRAMENTO COUNTY SHERIFF'S DEPUTIES S. DANIELS,  FIDLER and CORPORAL McKERSEY and DOES 1-10 herein are the agents, employees or representatives of each of the other, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

17.     Plaintiff is informed and believes that each of the Defendants SERG KEREZ, 99 CENTS ONLY STORES, LLC, and DOES 11-20 herein are the agents, employees or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  representatives of each of the others, and performed all acts and omissions stated herein within

2  the scope of such agency or employment or representative capacity and are responsible in some

3  manner for the acts and omissions of the other Defendants in proximately causing the damages

4  complained of herein.

5  **FACTUAL ALLEGATIONS**

6     18.    Plaintiff EARL THOMAS lives approximately 1.5 miles away from the Store and

7  shops there approximately once per week.  For some time he has been concerned that the Store

8  does not comply with disability access requirements for public accommodations.  He has taken

9  measurements and photos of the facilities to document his concerns.  He has discussed his

10  concerns with Defendant SERG KEREZ, the Store manager.  As a result of these discussions the

11  Store has made changes to its facilities to remove barriers to access.

12     19.    While appreciating the changes that the Store made, Plaintiff still had concerns

13  that the facilities were not compliant, particularly ongoing concerns with stock being left in

14  aisles in a way that narrowed them and made it difficult for people with disabilities to reach

15  items on shelves.

16     20.    On August 1, 2014, Plaintiff went shopping at the Store.  He cannot use a walker

17  or cane while pushing a shopping cart, so it is his habit and custom to use the shopping cart itself

18  as an assistive device for balance.  He pushes it as he would push a walker.  He also uses a yard

19  stick as a cane which he puts inside the cart.  While shopping he also took measurements and

20  photos to confirm compliance with accessibility requirements.

21     21.    On a previous date while he was shopping and investigating, Defendant KEREZ,

22  the Store manager walked by him and said words to the effect, "It must be nice to go around

23  taking pictures and making money."  Plaintiff has never made a demand for money from the

24  Store or any other public accommodation on the basis of disability discrimination, nor filed a

25  disability discrimination lawsuit.  He was surprised by the comment.

26     22.    While shopping on August 1, 2014, he noticed an employee of the Store taking

27  pictures of him.  He continued to take measurements.  At some point Defendant KEREZ said he

28  would call the police if Plaintiff did not leave.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23.     Plaintiff went into the restroom.  When he came out he noticed Defendants S. DANIELS, FIDLER and McKERSEY, Deputy Sheriffs, were in the store.  He continued to shop.

24.     The Deputies approached him as he moved to put a package of hot dog buns in his cart.  They asked him to accompany him to the front of the store.  Plaintiff said that he would go with them but that he wanted to get his hot dog buns first.  He did not directly refuse to leave the store.  One of the deputies then handcuffed him behind his back and forcibly walked him out of the Store.

25.     As they were handcuffing him Plaintiff told them he is disabled and requested to have his hand cuffs removed so he could use his cane to walk.  Defendants denied his request. He told them that he was at great risk of falling and in fear of his safety if forced to walk with his hands tied behind him, and he said he was dependent upon a cane or a walker.  They ignored his request to be accommodated and continued to frog-march him out of the Store.

26.     Plaintiff alleges that all three Defendant Deputies were either involved in his detention and/or arrest or watched and did nothing whatsoever to stop the illegal behavior of the deputies who detained and arrested Plaintiff, placed him in hand cuffs and led him from the Store.

27.     Outside the Store, the Deputy Defendants marched him to their squad car where they released the handcuffs.  Defendant S. DANIELS, on information and belief, approached him and handed him a "Notice of Trespass Official Notice" asserting he was in violation of Penal Code sections 602(k) and Sacramento County Code section 9.80.010 (trespass).  A true and correct copy is attached as Exhibit "A."  On information and belief the notice was signed by Defendant SERG KEREZ.  Though the notice indicates that SERG KEREZ served it upon himself, it was, in fact, handed  to Plaintiff.  The notice says that if Plaintiff ever returns to the premises he is subject to arrest for a misdemeanor.

28.     Plaintiff was humiliated by the detention, arrest, handcuffing and forcible ejection from the store.  He has since suffered pain in his right arm and shoulder from the handcuffs and from the Deputy Defendants' tight grip on his arms.  He was further humiliated by the Sheriff Department Defendants' refusal to accommodate his need for his mobility device, even though

- 7 -

he requested it.  He was upset and frustrated that he was viewed as a lawbreaker when in fact he had every right to shop at the Store and to measure it for access.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42  U.S.C. § 12113 *et seq.* (TITLE II) BY PLAINTIFF AGAINST**
**DEFENDANT THE COUNTY**

29.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 28 of this Complaint, and incorporates them herein as if separately repled.

30.     In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities," that "historically, society has tended to isolate and segregate individuals with disabilities," that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem," that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals," and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 USC §12101.

31.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1)     to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2)     to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3)     to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities;

- 8 -

1     and

2          (4)     to invoke the sweep of congressional authority, including the power to

3                  enforce the fourteenth amendment and to regulate commerce, in order to

4                  address the major areas of discrimination faced day-to-day by people with

5                  disabilities.

6     42 USC § 12101(b).

7          32.     The ADA prohibits public entities, from denying "a qualified individual with a

8     disability … the benefits of the services, programs, or activities of [the] public entity" because of

9     the individual's disability.  42 U.S.C. § 12132.

10         33.     The ADA defines "a qualified individual with a disability" as a person who

11    suffers from a "physical or mental impairment that substantially limits one or more major life

12    activities," including, but not limited to, "caring for oneself, performing manual tasks, seeing,

13    hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning,

14    reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(1)(A),

15    (2)(A).  Plaintiff is a qualified individual with a disability as defined in the ADA, as he has

16    impairments that substantially limit one or more major life activities.

17         34.     The programs, services, and activities that Defendant COUNTY provides include

18    provision of a sheriff's department that responds to citizen complaints, investigates alleged

19    criminal conduct and effects detentions, arrests, and citations of persons suspected of criminal

20    activity.  Defendants' programs, services, and activities in this regard are governed by and are

21    subject to Title II of the ADA.

22         35.     In offering a program, service or activity Under the ADA, Defendant COUNTY

23    and its employees and agents must not fail to make "reasonable modifications in policies,

24    practices, or procedures when the modifications are necessary to avoid discrimination on the

25    basis of disability," 28 C.F.R. § 35.130(b)(7).  Defendants were on actual notice that Plaintiff

26    has a disability.  They violated the ADA by: (1) detaining and arresting Plaintiff for lawful

27    conduct protected by the ADA itself; (2) summarily handcuffing Plaintiff and rejecting his

28    request to use a cane or otherwise being assisted in a manner that spared him, as a person with a

- 9 -

mobility disability,  the indignity, discomfort, humiliation and danger of being "frog marched" from the Store.  The nature of Plaintiff's disability and the failure of Defendants to take his disability into account exposed him to humiliation, indignity, discomfort and fear that were in excess of the harms that would be suffered by an able-bodied person.  The failure of Defendants to modify their practices, procedures and policies in effecting the arrest of Plaintiff was an independent violation of the ADA, even if the detention and arrest had been legal.  Additionally, Plaintiff contends that the County's policies were so deficient as to allow Defendant S. DANIELS to believe it was appropriate to ratify Defendant SERG KEREZ's illegal conduct by handing the defective trespass notice to Plaintiff.

36.     The actions of Defendant COUNTY and its employees/agents constituted intentional discrimination against Plaintiff on the basis of disability or at the least demonstrated deliberate indifference to Plaintiff on the basis of his disability, injuring him and causing him pain and emotional distress.

37.     As a result of Defendants' policy and practice of discriminating against and failing to provide reasonable accommodations to detainees and arrestees with mobility disabilities, Plaintiff and other persons with disabilities do not have equal access to COUNTY activities, programs, and services for which they are otherwise qualified.  Plaintiff sustained a loss of liberty, physical and mental pain, fear, degradation and severe emotional distress as well as loss of reputation and other injuries to be shown according to proof.  Damages are not a sufficient remedy for the past and future injury caused by Defendant COUNTY and its employees/agents.

WHEREFORE, Plaintiff requests relief as outlined below.


**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE REHAB ACT OF 1973**
**29 U.S.C. § 794 *et seq.*  AGAINST THE COUNTY OF SACRAMENTO**

38.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 37 of this Complaint, and incorporates them herein as if separately repled.

- 10 -

39.     At all times relevant to this action, Defendant was a recipient of federal funding within the meaning of the Rehabilitation Act.  As a recipient of federal funds, it is required to reasonably accommodate prisoners with disabilities in their facilities, program activities, and services, and to provide a grievance procedure.

40.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act.

41.     By its policy and practice of discriminating against and failing to reasonably accommodate detainees and arrestees with disabilities, Defendant COUNTY violates Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

42.     As a result of Defendant's discrimination against and failure to provide reasonable accommodations, Plaintiff and other detainees and arrestees with disabilities do not have equal access to activities, programs, and services for which they are otherwise qualified. Plaintiff sustained a loss of liberty, physical and mental pain, fear, degradation and severe emotional distress as well as loss of reputation and other injuries to be shown according to proof.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42  U.S.C. § 12203 (TITLE V) BY PLAINTIFF AGAINST ALL DEFENDANTS**

43.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 42 of this Complaint, and incorporates them herein as if separately repled.

44.     The ADA Title V prohibits retaliation against persons who assert their civil rights to equal access.  Section 12203 states:

(a) Retaliation
No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

(b) Interference, coercion, or intimidation
It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual

- 11 -

in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

45.   Defendant SERG KEREZ as an agent for the 99 CENTS ONLY STORES, LLC and DOES 11-20 coerced, intimidated, threatened, and interfered with Plaintiff because of his past actions in attempting to help the Store become compliant with disability access laws, and/or because of Defendant KEREZ's views about the illegitimacy of the enforcement of the ADA and other civil rights laws that protect the rights of people with disabilities.  Defendant SERG KEREZ as an agent of the 99 CENTS ONLY STORES, LLC and DOES 11-20 coerced, intimidated, threatened, interfered with and retaliated against Plaintiff because of his past activities or the perception that he was a "litigation threat" and had been involved in litigation that made him an income (which happened to be untrue).  In addition to harassing, intimidating and threatening Plaintiff Defendant KEREZ, as an agent for the 99 CENTS ONLY STORES, LLC and DOES 11-20 attempted to ban Plaintiff from shopping at the store by calling  law enforcement officers to have him removed from the Store, and by accusing him of trespassing. He intentionally interfered with Plaintiff's lawful activities, including but not limited to shopping and investigating potential violations of the ADA, and intimidated, coerced and retaliated against him by misusing the trespass ordinance, making false statements that Plaintiff was trespassing, and unjustifiably using the law enforcement power of the Sheriff's department as a bludgeon. His final act was an attempt to ban Plaintiff from the Store with a defective, yet ill-intentioned, trespass notice.

46.   The Government Defendants facilitated, endorsed and ratified Defendant KEREZ's retaliation, intimidation and coercion by unlawfully detaining Plaintiff, ordering him to leave the store, and detraining and arresting him.  They also directly discriminated against him by intimidating, coercing and using force against him to keep him from exercising his legally-protected rights under the ADA and by assisting defendants SERG KEREZ, 99 CENTS ONLY STORES and DOES 11-20 in perpetuating violations of Plaintiffs civil rights by assisting in and legitimizing the delivery of the trespass notice executed by Defendant SERG KEREZ.  Plaintiff

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    sustained a loss of liberty, physical and mental pain, fear, degradation and severe emotional

2    distress as well as loss of reputation and other injuries to be shown according to proof.

3                    WHEREFORE, Plaintiff requests relief as outlined below.

4

5                          **FOURTH CAUSE OF ACTION:**
     **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
6    **42  U.S.C. § 12181 *et seq.* (TITLE III) BY PLAINTIFF AGAINST DEFENDANTS THE**
                **99 CENTS ONLY STORES, SERG KEREZ AND DOES 11-20**
7

8              47.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9    the allegations contained in Paragraphs 1 through 46 of this Complaint, and incorporates them

10   herein as if separately repled.

11             48.    As part of the ADA, Congress passed "Title III - Public Accommodations and

12   Services Operated by Private Entities."  42 USC § 12181 *et seq.*  The subject properties and

13   facilities are among the "private entities" which are considered "public accommodations" for

14   purposes of this title.

15             49.    The ADA Title III states that "No individual shall be discriminated against on the

16   basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

17   advantages, or accommodations of any place of public accommodation by any person who owns,

18   leases, or leases to, or operates a place of public accommodation."  42 USC § 12182.  The

19   specific prohibitions against discrimination included, but were not limited to the following:

20   § 12182(b)(1)(A)(i): "Denial of Participation – It shall be discriminatory to subject an individual

21   or class of individuals on the basis of a disability or disabilities of such individual or class,

22   directly, or through contractual, licensing, or other arrangements to a denial of the opportunity of

23   the individual or class to participate in or benefit from the goods, services, facilities, privileges,

24   advantages, or accommodations of an entity."  § 12182(b)(1)(A)(ii): "Participation in Unequal

25   Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of

26   a disability or disabilities of such individual or class, directly, or through contractual, licensing,

27   or other arrangements, with the opportunity to participate in or benefit from a good, service,

28   facility, privilege, advantage, or accommodation that is not equal to that afforded to other

                                              - 13 -

individuals." § 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;" § 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;" § 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;" § 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."  The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*  The actions of Defendants in violating Plaintiff's right to shop at the Store and their attempt to ban him from ever shopping there again constitute an obvious violation of Plaintiff's rights under § 12182(b)(1)(A)(i).  In addition, Plaintiff is informed and believes that there are various barriers to access at the Store including an inaccessible turnstile and items and shelves that are out of allowable reach ranges.  Unfortunately, Plaintiff was unable to confirm the nature and extent of these violations because of the harassment, coercion, intimidation and threats of Defendant SERG KEREZ and Plaintiff's subsequent wrongful detention and arrest by deputies of the County's Sheriff's Department. Fearing subsequent harassment, intimidation, threats and arrest, Plaintiff has not returned to the Store to confirm his initial concerns.

50.     When Plaintiff or his counsel can safely enter the Store premises to confirm the existence of the barriers believed to exist, Plaintiff will amend this complaint, if appropriate, to state additional bases of liability under this Cause of Action for the failure to remove barriers to access.  On information and belief, as of the date of Plaintiff's encounter at the subject premises and as of the filing of this Complaint, the premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violates

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff's rights to full and equal access and which discriminates against Plaintiff on the basis of his disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 12182 and 12183 of the ADA.

51.     On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to access these public accommodations since on or before Plaintiff's encounters, as previously noted.  Pursuant to the ADA, 42 USC 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.  Pursuant to § 12188(a)(2), Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a qualified disabled person for purposes of § 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the subject facilities.  Plaintiff sustained a loss of liberty, physical and mental pain, fear, degradation and severe emotional distress as well as loss of reputation and other injuries to be shown according to proof.

WHEREFORE, Plaintiff requests relief as outlined below.

**FIFTH CAUSE OF ACTION:**
**(42 U.S.C. § 1983)**
**EXCESSIVE FORCE AND UNLAWFUL SEIZURE OF A PERSON**
**BY PLAINTIFF AGAINST S. DANIELS, FIDLER AND McKERSEY**
**AND DOES 1 THROUGH 5**

52.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 53 of this Complaint, and incorporates them herein as if separately repled.

53.     Plaintiff alleges that Defendants S. DANIELS, FIDLER and McKERSEY

assaulted, battered, and unlawfully detained and arrested him in violation of his Fourth Amendment rights to be free of unreasonable seizure.  Further one or more of the deputies used unlawful and excessive force on Plaintiff by grabbing Plaintiff's arm in an unnecessarily forceful manner, and placed him at a risk of severe injury by handcuffing his hands behind his back and depriving him of the use of a necessary mobility aid.  S. DANIELS, FIDLER and McKERSEY without any reasonable suspicion or probable cause detained and arrested Plaintiff despite the fact that they knew he was not suspect of any criminal activity and was, in fact, engaged in activities protected under State and federal law.

54.     The excessive force utilized by Defendants S. DANIELS, FIDLER and McKERSEY in handcuffing Plaintiff, forcibly taking his arm and depriving him of any means to keep stable as well as the other wrongs committed by both the deputies and the other Defendants are the proximate cause of emotional injury, physical pain, and suffering to the Plaintiff.

55.     Named Defendant Deputies and Does 1-5 either participated in the unlawful detention and/or arrest of plaintiff and/or witnessed what was clearly an illegal and unconstitutional seizure of Plaintiff and did nothing to stop the actions of Defendants S. DANIELS, FIDLER and McKERSEY despite a duty to do so.

56.     The aforementioned acts and omissions of Defendants and each of them were particularly malicious inasmuch as Plaintiff was humiliated, detained and arrested without any provocation or cause whatsoever and in stark violation of his rights not only under the United States Constitution but also under the ADA, Section 504 of the Rehabilitation Act of 1973 and sections 51 and 54.1 *et seq.* of the California Civil Code.  Plaintiff had not been aggressive or resistant, nor had he violated any law in any other way.  Plaintiff offered no resistance to nor did he refuse to follow any lawful order.

57.     The detention and arrest of Plaintiff was unlawful as it was undertaken without a warrant, probable cause, reasonable suspicion or any legal excuse whatsoever and, in fact, was carried out in violation of Plaintiff's specific rights under the ADA and California law and with the intent to further Defendant SERG KEREZ's unlawful scheme to force Plaintiff from the Store.  In fact, Defendant S. DANIELS ratified and assisted Defendant SERG KEREZ by

delivering the unlawful trespass notice to Plaintiff.  The arrest and detention of Plaintiff was either effected by or ratified by Defendants S. DANIELS, FIDLER and McKERSEY and DOES 1 through 10 and each of them.  Each said Defendant participated and conspired to have Plaintiff unlawfully detained and arrested and/or later ratified or condoned the unlawful detention and arrest of Plaintiff, though each knew that there was no probable cause, reasonable suspicion or any legal reason whatsoever for Plaintiff's detention and arrest.

58.     As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained a loss of liberty, physical and mental pain, fear, degradation and severe emotional distress as well as loss of reputation and other injuries to be shown according to proof.  The acts of the individual named Defendants and DOES 1 through 10 were malicious and in conscious disregard of or undertaken with deliberate indifference for the rights of Plaintiff as set forth above.  Plaintiff is therefore entitled to an award of exemplary and punitive damages against these Defendants to punish them and to deter others from similar conduct.

WHEREFORE, Plaintiff requests relief as outlined below.

**SIXTH CAUSE OF ACTION:**
**(42 U.S.C. §1983)**
**SUPERVISORY LIABILITY**
**BY PLAINTIFF AGAINST DEFENDANTS SCOTT R. JONES, SHERIFF OF SACRAMENTO COUNTY; CPL. McKERSEY, AND DOES 1 THROUGH 10**

59.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 58 of this Complaint, and incorporates them herein as if separately repled.

60.     Defendants SCOTT R. JONES, SHERIFF OF SACRAMENTO COUNT, CPL. McKERSEY, and DOES 1 through 10, in addition to their personal liability (as sworn peace officers) to stop the illegal detention, arrest and use of excessive force against the Plaintiff by one or more of the Deputy Defendants who arrested Plaintiff, Defendants SCOTT R. JONES, SHERIFF OF SACRAMENTO COUNTY and CPL. McKERSEY were also supervisors of said persons and had a duty to train, discipline and accurately report facts that they observed.  Their failure to do so was a cause in fact of Plaintiff's injuries.

61.     Defendants SCOTT R. JONES and CPL. McKERSEY as well as DOES 1 through 10 ratified the illegal actions of the arresting Deputy Defendants in falsely detaining, and arresting Plaintiff, assisting and conspiring with said Defendants to create false documentation to permit and/or maintain a malicious and wrongful fiction that any detention, arrest and use of force against Plaintiff was justified under the circumstances.

62.     Defendants' aforesaid acts and omissions were the proximate cause of injury, loss and harm to the Plaintiff in an amount according to proof.

63.     The acts of the individual Defendants were malicious and undertaken in conscious disregard of or with deliberate indifference to the rights of Plaintiff, as set forth above.  Plaintiff sustained a loss of liberty, physical and mental pain, fear, degradation and severe emotional distress as well as loss of reputation and other injuries to be shown according to proof.  Plaintiff is therefore entitled to an award of exemplary and punitive damages against these Defendants to punish and deter others from similar conduct.

WHEREFORE, Plaintiff requests relief as outlined below.

**SEVENTH CAUSE OF ACTION:**
**(42 U.S.C. §1983) MUNICIPAL - PUBLIC ENTITY LIABILITY**
**BY PLAINTIFF AGAINST DEFENDANT COUNTY OF SACRAMENTO**

64.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 63 of this Complaint, and incorporates them herein as if separately repled.

65.     Plaintiff alleges that the COUNTY has *de facto* policies, customs and practices of:

(a)     Failing to train its employees in the proper manner to interact with the public in general (and people with disabilities in particular), including but not limited to, failing to train its employees with respect to the Constitutional thresholds and limits when a detention and arrest can be effected and when force may be reasonably applied and when it should not.  This includes toleration of employees not restraining, interfering or truthfully reporting improper detentions and arrests or use of excessive

- 18 -
COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1              force by one or more co-workers or co-employees.

2         (b)    Tolerating and/or condoning the use of excessive force by employees,

3              including sworn and unsworn Sheriff's Department employees.

4         (c)    Failure to train and monitor compliance with proper conduct by

5              supervisory employees in assessing whether detentions are being effected

6              based on reasonable suspicion and arrests are effected upon probable

7              cause.  The failures of the COUNTY in this regard include allowing false

8              arrest and detention documents to be used to cover up Constitutional

9              violations and support wrongful arrests and detentions.

10        (d)    Failing to adopt and modify policies, practices and procedures to assure

11             that detentions and arrests do not violate civil rights laws that protect the

12             rights of people with disabilities, including the ADA, and other federal

13             civil rights laws protecting the rights of people with disabilities.

14        (e)    Inadequately screening, supervising, investigating, monitoring, training,

15             disciplining, regulating and terminating its sworn and unsworn Sheriff's

16             Department employees in connection with the unlawful use of force,

17             detention and arrest of persons, including the arrest of people with

18             disabilities.  Without limiting the generality of the foregoing, Defendant

19             COUNTY has an unconstitutional practice, custom, policy and/or

20             procedure of inadequately training its employees, including but not limited

21             to its sworn peace officers, detectives, sergeants, and other in-line,

22             investigative or supervisory personnel in the legal and ethical standards

23             governing the use of force, the making of arrests and the detentions of

24             persons within the contours of the Fourth Amendment to the U.S.

25             Constitution and the ADA and other federal civil rights laws that protect

26             the rights of people with disabilities.

27     66.    Defendant COUNTY's policies, practices and/or customs were the moving force

28  and/or an affirmative link behind the violation of the Plaintiff's constitutional rights and injury,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    damage and/or harm caused thereby.

2        67.    These policies, practices, customs and procedures are intentional and/or the result

3    of deliberate indifference on the part of Defendant COUNTY, by and through its decision

4    makers.

5        68.    The foregoing unconstitutional customs and practices were a proximate cause of

6    harm to Plaintiff.  These harms include general and special damages, including but not limited to,

7    loss of liberty, physical and mental pain, fear, degradation and severe emotional distress as well

8    as loss of reputation and other injuries to be shown according to proof.

9                 WHEREFORE, Plaintiff requests relief as outlined below.

10

11                          **EIGHTH CAUSE OF ACTION:**
                        **FOR VIOLATION OF CIVIL RIGHTS**
12                       **(CALIFORNIA CIVIL CODE § 52.1)**
      **BY PLAINTIFF AGAINST DEFENDANTS FIDLER, S. DANIELS, McKERSEY**
13                         **AND DOES 1 through 10**

14        69.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

15    the allegations contained in Paragraphs 1 through 68 of this Complaint, and incorporates them

16    herein as if separately repled.

17        70.    Defendants FIDLER, S. DANIELS, McKERSEY and DOES 1-5 acting under

18    color of authority, and by the use of threats, intimidation and coercion, interfered with and

19    violated Plaintiff's civil rights to be free of unreasonable seizure under the Fourth Amendment to

20    the United States Constitution and Article I, Section 13 of the California Constitution by

21    unlawfully seizing, detaining, arresting and using force against Plaintiff.  Additionally, said

22    Defendants violated Plaintiff's rights to be free from discrimination because of disability as

23    required by Title II and Title V of the ADA, Section 504 of the Rehabilitation Act of 1973, §

24    11135 of the California Government Code and § 54 *et seq.* of the California Civil Code.  Plaintiff

25    alleges that he was wrongfully detained and arrested and had force used upon him because he

26    was exercising his rights under the ADA and that his detention and arrest were not only wrongful

27    in and of themselves but also served to further the illegal conduct of Defendant SERG KEREZ.

28        71.    Plaintiff suffered loss of liberty, physical and mental pain, fear, degradation and

- 20 -

1  severe emotional distress as well as loss of reputation and other injuries to be shown according to

2  proof.

3  72. Individual Defendants are liable to Plaintiff for damages, exemplary and punitive

4  damages, penalties and attorneys' fees as provided in California Civil Code § 52.1(b).

5  WHEREFORE, Plaintiff requests relief as outlined below.

6

7  **NINTH CAUSE OF ACTION**

8  **FOR VIOLATION OF CIVIL RIGHTS**
   **(CALIFORNIA CIVIL CODE § 52.1)**
   **BY PLAINTIFF AGAINST DEFENDANTS SERG KEREZ AND**

9  **THE 99 CENTS ONLY STORES, LLC**
   **AND DOES 11 through 20**

10

11  73. Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

12  the allegations contained in Paragraphs 1 through 72 of this Complaint, and incorporates them

13  herein as if separately repled.

14  74. Defendants SERG KEREZ, 99 CENTS ONLY STORES LLC and  DOES 11-20

15  by the use of threats, intimidation and coercion, interfered with and violated Plaintiff's civil

16  rights to be free from discrimination because of his disability as required by Title III and Title V

17  of the ADA,  and §§ 51 and  54 *et seq.* of the California Civil Code.  Plaintiff alleges that he was

18  discriminated against and that threats, coercion and intimidation were utilized by Defendant

19  SERG KEREZ, as an agent of 99 CENTS ONLY STORES, LLC, in order to keep Plaintiff from

20  exercising his rights and to cause his ejection from the Store.  These actions included an attempt

21  to ban Plaintiff from the Store under threat of arrest and prosecution via the illegal use of a

22  "trespass notice."

23  75. On account of Defendants' actions, Plaintiff suffered loss of liberty, physical and

24  mental pain, fear, degradation and severe emotional distress as well as loss of reputation and

25  other injuries to be shown according to proof.

26  76.  Defendants are liable to Plaintiff for damages, treble damages, exemplary and

27  punitive damages, penalties and attorneys' fees as provided in California Civil Code § 52.1(b).

28  WHEREFORE, Plaintiff requests relief as outlined below.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

**TENTH CAUSE OF ACTION:**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST DEFENDANT SERG KEREZ**

2

3      77.      Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

4      the allegations contained in Paragraphs 1 through 76 of this Complaint, and incorporates them

5      herein as if separately repled.

6      78.      The acts of Defendant SERG KEREZ in harassing Plaintiff, threatening Plaintiff,

7      wrongfully calling law enforcement officers and attempting to ban Plaintiff from shopping at the

8      Store through the illegal use of a "trespass notice" constitute outrageous conduct on the part of

9      Defendant SERG KEREZ.  This conduct was undertaken intentionally and/or with reckless

10     disregard for Plaintiff's safety and well-being.

11     79.      Defendant SERG KEREZ's conduct was intentionally taken with knowledge (or

12     in reckless disregard) of the probability of causing injury, damage or harm to Plaintiff who

13     suffered physical pain, humiliation and related severe emotional distress because of said

14     Defendant's conduct.  The conduct was all the more outrageous as it was undertaken in naked

15     violation of long-standing civil rights laws.

16     80.      As a direct and proximate result of said outrageous conduct by Defendant SERG

17     KEREZ, Plaintiff has suffered loss of liberty, physical and mental pain, fear, degradation and

18     severe emotional distress as well as loss of reputation and other injuries to be shown according to

19     proof, all to Plaintiff's general damages

20     81.      Pursuant to Civil Code § 3294, the conduct of Defendant SERG KEREZ entitles

21     Plaintiff to an award of punitive damages against said Defendant, in an amount according to

22     proof at the time of trial, which is appropriate to punish said Defendant, to set an example, and to

23     deter said Defendant, from committing similar acts in the future.

24     WHEREFORE, Plaintiff requests relief as outlined below.

25

26

**ELEVENTH CAUSE OF ACTION:**
**VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
**(Civil Code § 54 *et seq.*) BY PLAINTIFF AGAINST ALL DEFENDANTS**

27

28     82.      Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

- 22 -

the allegations contained in Paragraphs 1 through 83 of this Complaint, and incorporates them herein as if separately repled.

83.    The Store is a public accommodation under state law, owned and operated by Defendants 99 CENTS ONLY STORES, SERG KEREZ and DOES 11-20.

84.    Plaintiff EARL THOMAS and other similarly situated physically disabled persons are denied full and equal access to the Store and its related facilities because the Store excludes them for exercising their rights under the CDPA and the ADA.

85.    Each and every violation of the Americans with Disabilities Act (as pled in the First, Third and Fourth Causes of Action, *infra*) also constitutes a violation of the Disabled Persons Act.  Each Defendant violated the ADA and therefore violated the CDPA.

86.    As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained a loss of liberty, physical and mental pain, fear, degradation and severe emotional distress as well as loss of reputation and other injuries to be shown according to proof.  The acts of the individual named Defendants and DOES 1 through 20 were malicious and in conscious disregard of or undertaken with deliberate indifference for the rights of Plaintiff as set forth above.  Plaintiff is therefore entitled to an award of treble, exemplary and punitive damages against these Defendants to punish them and to deter others from similar conduct.

87.    Plaintiff does not seek injunctive relief pursuant to Civil Code section 55.

WHEREFORE, Plaintiff requests relief as outlined below.


**TWELFTH CAUSE OF ACTION:**
**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT BY DEFENDANTS SERG KEREZ, THE 99 CENTS ONLY STORES, LLC, AND DOES 11-20**
(Civ. C. §§ 51 *et seq*.)

88.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 87 of this Complaint, and incorporates them herein as if separately repled.

89.    At all times relevant to this complaint, The Unruh Act has provided that physically disabled persons are free and equal citizens of California, regardless of disability or

- 23 -

1   medical condition.

2       90.     All persons within the jurisdiction of this state are free and equal, and no matter

3   what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are

4   entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all

5   business establishments of every kind whatsoever.  Cal. Civ. C. § 51(b).

6       91.     99 CENTS ONLY STORES, LLC, is a business establishment within the

7   meaning of the Unruh Act because, among other reasons, it provides goods and services, non-

8   gratuitously, for a price or fee, in the course of relatively noncontinuous, nonpersonal, and

9   nonsocial dealings.

10      92.     Discrimination by Defendant 99 CENTS ONLY STORES, LLC, SERG KEREZ

11  and DOES 11-20 against Plaintiff on the basis of his disabilities constitutes a violation of the

12  Unruh Act.  Civ.C. § 52, which provides that "Whoever denies, aids or incites a denial, or makes

13  any discrimination or distinction contrary" to the Unruh Act is liable.

14      93.     Discrimination under the Unruh Act includes:

15          (a)     Policies and practices that interfere with the free and equal use of the

16                  accommodations, advantages, facilities, privileges, and services offered by

17                  Defendant 99 CENTS ONLY STORES, LLC, and its owners, operators,

18                  managers, employees and agents.

19          (b)     Any violation of the ADA which constitutes a separate violation of the

20                  Unruh Act.  Civ.C. § 51(f).

21      94.     The actions and omissions of Defendants 99 CENTS ONLY STORES, LLC,

22  SERG KEREZ and DOES 11-20 as herein alleged constitute a denial of equal access to and use

23  of the described public facilities to Plaintiff within the meaning of California Civil Code §§ 51

24  and 52.  As a proximate result of Defendant 99 CENTS ONLY STORES, LLC, SERG KEREZ

25  and DOES 11-20's action and omissions, Defendants have discriminated against Plaintiff in

26  violation of Civil Code §§ 51 and 52, causing him actual injury.  Plaintiff sustained a loss of

27  liberty, physical and mental pain, fear, degradation and severe emotional distress as well as loss

28  of reputation and other injuries to be shown according to proof.  The acts of the individual named

Defendants and DOES 1 through 20 were malicious and in conscious disregard of or undertaken with deliberate indifference for the rights of Plaintiff as set forth above.  Plaintiff is therefore entitled to an award of treble, exemplary and punitive damages against these Defendants to punish them and to deter others from similar conduct.

WHEREFORE, Plaintiff requests relief as outlined below.


**THIRTEENTH CAUSE OF ACTION:**
**VIOLATION OF GOVERNMENT CODE SECTION 11135 BY PLAINTIFF AGAINST THE COUNTY OF SACRAMENTO**

95.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 94 of this Complaint, and incorporates them herein as if separately repled.

96.     Defendants COUNTY receives financial assistance from the State of California. Plaintiff is a person with a disability within the meaning of California Government Code § 11135.

97.     As described in this Complaint, Defendant COUNTY unlawfully subjected Plaintiff to discrimination under its programs, services and activities for which it receives financial assistance from the State of California and unlawfully subjects Plaintiff  and other person with Disabilities to discrimination within the meaning of California Government Code § 11135(a) on the basis of their disabilities.  Plaintiff sustained a loss of liberty, physical and mental pain, fear, degradation and severe emotional distress as well as loss of reputation and other injuries to be shown according to proof.

WHEREFORE, Plaintiff requests relief as outlined below.


**PRAYER FOR RELIEF**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy

and opposing legal positions as to Defendants' violations of the constitutions and laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the constitutions and laws of the United States and the State of California.

WHEREFORE, Plaintiff EARL THOMAS prays for judgment and the following specific relief against Defendants as follows:

1.      On the First and Second Causes of Action against the COUNTY:  Injunctive relief to cease discrimination against Plaintiff and others similarly situated,  to conduct investigations, detentions and arrests of people with disabilities in conformity with the requirements of Title II of the ADA and Section 504 of the Rehabilitation Act of 1973, to cease discriminating against people with disabilities.  An award to Plaintiff of statutory, actual, and treble damages in an amount within the jurisdiction of the Court, all according to proof; Plaintiff also prays for  an award of the costs of this suit and reasonable attorneys' fees and litigation expenses;

2.      On the Third Cause of Action against all Defendants:  Injunctive relief to ensure that Defendants will not violate Title V of the ADA by attempting to coerce, intimidate, threaten, interfere or retaliate with or against people with disabilities exercising their civil rights under the ADA; and an award of the costs of this suit and reasonable attorneys' fees and litigation expenses;.

3.      On the Fourth Cause of Action against The 99 CENTS ONLY STORES, LLC and DOES 11-20:  Injunctive relief to cease discrimination against people with disabilities, an award to Plaintiff of statutory, actual, treble, and punitive damages in an amount within the jurisdiction of the Court, all according to proof, and an award of the costs of this suit and reasonable attorneys' fees and litigation expenses;

4.      On the Fifth Cause of Action against S. DANIEL, FIDLER and McKERSEY:  For general and special damages against Defendants in an amount according to proof and for exemplary damages against the individual Defendants, including penalties pursuant to state statutory law; and an award of costs and reasonable attorneys' fees incurred in this action pursuant to 42 U.S.C. § 1988, which provides for such fees in an action or proceeding to enforce a provision of 42 U.S.C. §§ 1983, 1985 or 1986;

1    5.    On the Sixth Cause of Action against SCOTT R. JONES, SHERIFF OF

2    SACRAMENTO COUNTY; CPL. McKERSEY, and DOES 1-10:  For general and special

3    damages against Defendants in an amount according to proof and for exemplary damages against

4    the individual Defendants, including penalties pursuant to state statutory law; and for an award of

5    costs and reasonable attorneys' fees incurred in this action pursuant to 42 U.S.C. § 1988, which

6    provides for such fees in an action or proceeding to enforce a provision of 42 U.S.C. §§ 1983,

7    1985 or 1986;

8    6.    On the Seventh Cause of Action against the COUNTY:  For a mandatory injunction

9    that requires Defendant COUNTY to conform its polices, customs and practices with respect to

10   the questioning, detention and arrest of people with disabilities in order to avoid the violation of

11   the fourth Amendment to the United States Constitution (as well as Title II of the ADA and

12   Section 504 of the Rehabilitation Act); including the requirement that the COUNTY train its law

13   enforcement officers and their supervisors that people with disabilities may not be harassed,

14   intimidated, coerced, detained or arrested for carrying out lawful activities and that the

15   COUNTY's employees and agents avoid the use of excessive force in detaining and arresting

16   people with disabilities; and an award to Plaintiff of general and special damages against

17   Defendants in an amount according to proof; and an award of costs and reasonable attorneys' fees

18   incurred in this action pursuant to 42 U.S.C. § 1988, which provides for such fees in an action or

19   proceeding to enforce a provision of 42 U.S.C. §§ 1983, 1985 or 1986;

20   7.    On the Eighth Cause of Action against S. DANIEL, FIDLER and McKERSEY:

21   Injunctive relief to protect the peaceable exercise or enjoyment of the right or rights secured by the

22   laws of California and the ADA; an award to Plaintiff of statutory, actual, treble, and punitive

23   damages in an amount within the jurisdiction of the Court, all according to proof, against

24   Defendants S. DANIELS, FIDLER and CPL. McKERSEY, and DOES 1-10; and against

25   Defendant COUNTY on a theory of *respondeat superior* in that it was responsible for the

26   individual Defendants' actions; and an award of the costs of this suit and reasonable attorneys'

27   fees and litigation expenses;

28   8.    On the Ninth Cause of Action against SERG KEREZ and THE 99 CENTS ONLY

STORES, LLC:  Injunctive relief to protect the peaceable exercise or enjoyment of the right or rights secured by the laws of California and the ADA; an award to Plaintiff of statutory, actual, treble, and punitive damages in an amount within the jurisdiction of the Court, all according to proof, against Defendants KEREZ and DOES 11-20, and against the 99 CENTS STORES, LLC on a theory of *respondeat superior* in that it was responsible for the individual Defendants' actions;

9.     On the Tenth Cause of Action against SERG KEREZ:  An award to Plaintiff of statutory, actual, treble, and punitive damages in an amount within the jurisdiction of the Court, all according to proof, against Defendants KEREZ;

10.    On the Eleventh Cause of Action as to all Defendants:  An award to Plaintiff of statutory, actual, treble, and punitive damages in an amount within the jurisdiction of the Court, all according to proof,; and an award of the costs of this suit and reasonable attorneys' fees and litigation expenses;

11.    On the Twelfth Cause of Action as to Defendants KEREZ and the 99 CENTS STORES, LLC:  Injunctive relief to cease discrimination against people with disabilities; an award to Plaintiff of statutory, actual, treble, and punitive damages in an amount within the jurisdiction of the Court, all according to proof, and an award of the costs of this suit and reasonable attorneys' fees and litigation expenses;

12.    On the Thirteenth Cause of Action as to Defendant COUNTY:  Injunctive relief to cease discrimination against people with disabilities; and an award of the costs of this suit and reasonable attorneys' fees and litigation expenses under Code of Civil Procedure section 1021.5.

13.    An order retaining jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future absent continuing jurisdiction;

14.    An award of prejudgment interest pursuant to Civil Code § 3291; and

15.    Such other and further relief as this Court may deem just and proper.

//

//

Dated: September 15, 2015      LAW OFFICES OF PAUL L. REIN
LAW OFFICES OF ANTHONY E. GOLDSMITH

      */s/ Celia McGuinness*
By CELIA McGUINNESS, ESQ
Attorneys for Plaintiff
EARL THOMAS

## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 15, 2015      LAW OFFICES OF PAUL L. REIN
LAW OFFICES OF ANTHONY E. GOLDSMITH

      */s/ Celia McGuinness*
By CELIA McGUINNESS, ESQ
Attorneys for Plaintiff
EARL THOMAS

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES