ANDREW S. PAULY (SBN 90145) and
RICHARD G. STOLL (SBN 222442), Members of
SHORELINE,
A Law Corporation
1299 Ocean Avenue, Suite 400
Santa Monica, California 90401-1007
Telephone: (310) 451-8001
Facsimile: (310) 395-5961
apauly@shoreline-law.com
rstoll@shoreline-law.com

Attorneys for Defendants
99 CENTS ONLY STORES LLC,
ARES MANAGEMENT, LLC, and SERG KEREZ

LAW OFFICES OF PAUL L. REIN
PAUL L. REIN, Esq. (SBN 43053)
CELIA MCGUINNESS, Esq. (SBN 159420)
CATHERINE M. CABALO, Esq. (SBN 248198)
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:    510/832-5001
Facsimile:     510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
Earl Thomas

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL THOMAS,<br><br>            Plaintiff,<br><br>    vs.<br><br>SACRAMENTO COUNTY; SCOTT R. JONES, SHERIFF OF SACRAMENTO COUNTY; SACRAMENTO COUNTY SHERIFF'S DEPUTIES S. DANIELS, FIDLER AND CPL. McKERSEY; SERG KEREZ; ARES MANAGEMENT, LLC; 99 CENTS ONLY STORES, LLC; and DOES 1-20, INCLUSIVE,<br><br>            Defendants. | Case No. 2:15-cv-01952-TLN-EFB<br><br>**STIPULATION AND ORDER DISMISSING WITHOUT PREJUDICE ARES MANAGEMENT, LLC** |

1

Plaintiff is represented by the Law Offices of Paul L. Rein and The Law Office of Anthony E. Goldsmith. Defendants 99 Cents Only Stores LLC ("99 Cents Only"), Ares Management, LLC ("Ares"), and Serg Kerez are represented by Andrew S. Pauly and Richard G. Stoll of Shoreline, A Law Corporation.  Defendants County of Sacramento, Sheriff Scott R. Jones, Deputy S. Daniels, Deputy Fidler and Deputy McKersie (erroneously sued as Cpl. McKersey) are represented by John A. Lavra and Kelley S. Kern of Longyear, O'Dea & Lavra, LLP.  Only Plaintiff, 99 Cents Only, and Ares are parties to this stipulation.

WHEREAS on September 15, 2015, Plaintiff filed his Complaint against Defendants alleging violations of the Americans with Disabilities Act, The Rehabilitation Act of 1973, 42 U.S.C. § 1983, and pendent state civil rights laws;

WHEREAS 99 Cents Only and Serg Kerez filed their responses to the Complaint on November 12, 2015; and

WHEREAS, Plaintiff, Ares, and 99 Cents Only, (together, the "Stipulating Parties") wish to avoid unnecessary litigation regarding the Lawsuit without prejudice to any and all rights and remedies each may have as against the others;

NOW, THEREFORE, it is hereby stipulated and agreed as follows:

1. Plaintiff agrees to dismiss Ares from the Lawsuit without prejudice.
2. The Stipulating Parties agree that any and all statutes of limitations, statutes of repose, limitations period or defense of waiver, undue prejudice, or laches, and all other time-based limitations or defenses (collectively, the "Time-Based Defenses") arising under law, equity, statute, court rule or otherwise, that had not expired prior to September 15, 2015, relating to any possible claim or claims (collectively, the "Limitations Period") by Plaintiff as against Ares, relating to the Lawsuit, shall be stayed and tolled as of and from September 15, 2015, until one year from the date signed by this Court ("the Effective Date").  The Parties agree that the Tolling Period shall not be considered in any determination of the time for commencing any action or legal proceeding or filing any pleading by Plaintiff against Ares relating to the

Lawsuit. Ares agrees that it shall not plead or include the period of time during the Tolling Period as part of a defense or bar based on any Limitations Period relating to such pleading or the commencement of such action by Plaintiff. All of the Stipulating Parties' rights and defenses, including any Time-Based Defenses existing as of the Effective Date, arising under law, equity, statute, court rule or otherwise, are otherwise expressly reserved.

3. The Stipulating Parties agree that this Stipulation constitutes Ares' written waiver of Time Defenses which is required by California Code of Civil Procedure Section 360.5, or any comparable federal statute.

4. Ares agrees that it will permit Shoreline, A Law Corporation, counsel for Ares and 99 Cents Only, to accept notices of deposition or appearance at trial for its employees to the extent such would have been legally permissible if Ares remained a named defendant in the Lawsuit.

5. Ares represents that it owns ACOF Operating Manager III, LLC, which is the manager of Ares Corporate Opportunities Fund III, L.P., which is a part-owner of 99 Cents Only's parent company.

6. 99 Cents Only represents that any decisions and/or actions concerning any of the allegations or other matters contained in the Lawsuit were not made by Ares; that 99 Cents Only has sole decision-making authority regarding any future barrier removal or modifications of policies (to the extent they are necessary and to the extent they are readily achievable), practices and/or procedures that may be made relative to disability access and the allegations of this Lawsuit (to the extent they are necessary and to the extent they are readily achievable); and that 99 Cents Only will not introduce any evidence or make any argument to the contrary in the Lawsuit.

///

///

///

STIPULATION AND ORDER DISMISSING
WITHOUT PREJUDICE ARES MANAGEMENT, LLC
1950131.2 - 89079.532

IT IS SO STIPULATED:

Dated: November 16, 2015				LAW OFFICES OF PAUL L. REIN
						THE LAW OFFICE OF ANTHONY E. GOLDSMITH

						By: /s/ Celia McGuiness (as authorized on 11/12/15)
						CELIA MCGUINNESS
						Attorneys for Plaintiff
						EARL THOMAS

Dated: November 16, 2015				SHORELINE,
						A Law Corporation

						ANDREW S. PAULY
						RICHARD G. STOLL

						By: /s/ Richard G. Stoll_____
						RICHARD G. STOLL,
						Attorneys for Defendants
						99 CENTS ONLY STORES LLC,
						ARES MANAGEMENT, LLC, and SERG KEREZ

IT IS SO ORDERED:

Dated: November 19, 2015

						_____
						Troy L. Nunley
						United States District Judge

STIPULATION AND ORDER DISMISSING
WITHOUT PREJUDICE ARES MANAGEMENT, LLC
1950131.2 - 89079.532